```
                             UNITED STATES DISTRICT COURT
                             SOUTHERN DISTRICT OF FLORIDA

                             CASE NO. 07-61089-Civ-COHN
                             MAGISTRATE JUDGE P.A. WHITE

RICHARD VARIANCE a/k/a       :
RICHARD JONES,
                             :
     Petitioner,
                             :
v.                                    REPORT RE DISMISSAL
                             :           §2254 PETITION
WALTER A. McNEIL,[1]                    AS TIME BARRED
                             :
     Respondent.
                             :
```

Richard Variance a/k/a Richard Jones, a state prisoner confined at Century Correctional Institution at Century, Florida, has filed an amended pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court, attacking his conviction and sentence entered in Case No. 01-00504 in the Circuit Court of the Seventeenth Judicial Circuit of Florida at Broward County on eleven grounds of ineffective assistance of trial counsel.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the amended petition with attached documentary exhibits, the Court has the petitioner's response to an order regarding the limitations period, and the respondent's response to an order to show cause with multiple exhibits.

---

[1] Walter A. McNeil, has replaced James R. McDonough as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. McNeil should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

The pertinent procedural history of this case is as follows. Variance was convicted after jury trial of attempted second degree murder, and he was sentenced as a habitual violent felony offender to a term of imprisonment of thirty-years with a ten-year mandatory minimum sentence and as a prison releasee reoffender to a fifteen-year mandatory minimum term. (Respondent's Appendix at Exhibit 1). After Variance was permitted to pursue a belated direct appeal, appellate proceedings were conducted pursuant to Anders v. California, 386 U.S. 738 (1967). See Variance v. State, No. 4D02-4688. See also http://www.4dca.org.[2] The conviction and sentence were ultimately per curiam affirmed by the Florida Fourth District Court of Appeal in a decision without written opinion issued on March 10, 2004. Variance v. State, 903 So. 2d. 204 (Fla. 4 DCA 2004). Variance filed a pro se motion for rehearing on March 24, 2004, and the motion was denied on June 1, 2004. See Variance v. State, No. 4D02-4688. See also http://www.4dca.org.

Variance next pursued postconviction relief, filing in the trial court on May 10, 2005,[3] a pro se motion pursuant to Fla. R.Crim.P. 3.850, raising the same or similar allegations of ineffective assistance of trial counsel presented in the instant federal petition. (Respondent's Appendix at Exhibit 5). After the state had filed its comprehensive response with supporting exhibits, asserting that Variance was not entitled to

---

[2] The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Florida Fourth District Court of Appeal, http://www.4dca.org, viewed on this date. See Fed.R.Evid. 201.

[3] It is noted that on the face of the Rule 3.850 motion there are two mailing stamps. See Motion for Post Conviction Relief at 1. (Respondent's Appendix at Exhibit 5). One stamp indicates that Variance gave his motion to prison authorities for mailing on April 15, 2005, while the other indicates May 10, 2005. The later date is being used for the date of filing in that that later date is the same date Variance executed the motion. Id.

postconviction relief in that his claims were meritless, the trial court agreed with the state and summarily denied the motion by written order entered on August 23, 2005. Id. at Exhibits 6 and 7. The trial court's ruling was per curiam affirmed by the Florida appellate court in a decision without written opinion issued on December 21, 2005, see Variance v. State, 918 So. 2d 307 (Fla. 4 DCA 2005)(table), and the mandate issued on January 20, 2006. Variance next filed on March 27, 2006, a pro se motion to correct illegal sentence pursuant to Fla.R.Crim.P. 3.800(a), which was summarily denied by the trial court by order entered on May 25, 2006, for the reasons expressed by the state in its response. (Respondent's Appendix at Exhibits 8, 9, 10). Variance prosecuted an appeal from the trial court's ruling and the denial of relief was affirmed in a per curiam decision without written opinion. See Variance v. State, 937 So. 2d 677 (Fla. 4 DCA 2006). After Variance's motion for rehearing was denied, the mandate issued on October 20, 2006. See Variance v. State, No. 4D06-2752. See also http://www.4dca.org.

Approximately nine months after all state proceedings had concluded, Variance came to this Court, instituting on July 18, 2007,[4] the instant federal habeas corpus proceedings pursuant to 28 U.S.C. §2254. In response to the order to show cause, the

---

[4]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). For purposes of this habeas corpus proceeding, Variance's federal petition is deemed filed when he handed over his initial pleading to prison authorities for mailing on July 18, 2007 (Petition)(DE# 1), and not the later date his Amended Petition was given to prison authorities for mailing, September 11, 2007. (Amended Petition)(DE# 8). It is noted that on the face of the initial habeas petition there are two prison mailing stamps for when Variance gave his petition to prison authorities for mailing. See Petition at 1. (DE# 1). Although the initial petition was not executed and may be deemed not properly filed, for purposes of this proceeding, the initial petition and the earlier stamp date is being used for the date of filing in that this habeas corpus proceeding remains time-barred regardless of which petition or which date is used.

respondent solely asserts that this petition should be dismissed as untimely filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A).[5] This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[6] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of

---

[5]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[6]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5 Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

The judgment of conviction and sentence in the instant case became final at the latest on August 30, 2004, ninety days after the Florida Fourth District Court of Appeal denied Variance's motion for rehearing from the affirmance of his conviction and sentence on direct appeal.[7] Accordingly, Variance had until August 30, 2005, to file a federal petition, unless the limitations period was extended by properly filed applications for state post-

---

[7]Since Variance apparently filed a timely motion for rehearing in the Florida appellate court, his conviction is not final until ninety-days after the motion for rehearing was denied to allow for the filing of a petition for writ of certiorari in the United States Supreme Court. See Supreme Court Rule 13(3) (2004):

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But *if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing* or, if the petition for rehearing is granted, the subsequent entry of judgment.

(emphasis added). It is noted that Supreme Court Rule 13.3 has since been amended, effective May 2, 2005, to include the following emphasized language:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance of the mandate. (or its equivalent under local practice) . But if a petition for rehearing is timely filed in the lower court by any party, *or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing*, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2). As indicated above, Variance pursued postconviction relief in the trial court and Florida Fourth District Court of Appeal. However, even after giving Variance all the tolling credit for which he is due for the time all postconviction proceedings remained pending, there remains more than one-year of untolled time (i.e., a total of 587 days of untolled time). The instant petition was, therefore, due in this Court on or before December 7, 2006. The petition was not filed until July 18, 2007.

Since Variance did not file the instant petition until after the expiration of the applicable limitations period, the instant petition is time-barred, as maintained by the respondent,[8] unless Petitioner establishes that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or he is entitled to equitable tolling. An order was entered requiring the petitioner to state whether one or more of the statutory factors justify consideration of this petition for writ of habeas corpus. (DE# 5). The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition. Id. Variance has filed a response to the order. (Petitioner's Response to Order to Petitioner to Respond to Limitation Period)(DE# 6).

Variance first states that due to appointed counsel's failure to file a timely notice of appeal from his judgment and sentence, his direct appeal was not timely instituted and he is, therefore,

---

[8]Although this Court disagrees with certain dates relied upon by the respondent when arriving at his determination that the instant petition is time-barred, the Court agrees with the respondent's conclusion. This Court points out that the respondent failed to include in its determination of finality the motion for rehearing filed in the direct appeal proceeding. Based upon that omission, the respondent improperly failed to give Variance all the tolling time for which he was entitled.

6

entitled to statutory and/or equitable tolling on this basis. Id. at 1. He states that it was not until after he had instituted proceedings with The Florida Bar against his appointed counsel that the notice of appeal was filed. Id. Review of the computerized docket of the Clerk, Florida Fourth District Court of Appeal in Case No. 4D02-4688, indicates that Variance is correct that a notice of appeal was not filed until November 27, 2002, more than nine months after the entry of his judgment and sentence. See Variance v. State, No. 4D02-4688. See also http://www.4dca.org. However, review of the docket also reveals that Variance was permitted to pursue a belated direct appeal. This Court determined that the judgment of conviction and sentence in the instant case did not become final until August 20, 2004, ninety days after the Florida Fourth District Court of Appeal denied his motion for rehearing in the direct appeal proceeding. Accordingly, counsel's inaction had no impact whatever on the timeliness of the instant federal habeas corps proceeding in that the limitations period did not commence running until ninety days after the belated appellate proceeding had concluded.

Variance might also be seeking equitable tolling on a second ground. He appears to state that he is a layperson, untrained in the law and was, therefore, forced to go to the prison law library to seek assistance with his legal proceedings from inmate law clerks. Variance's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is

not an excuse for prolonged inattention when promptness is required). This Court points out that it is common for prisoners to count on other prisoners for assistance in filing lawsuits or seeking habeas relief. Since a lack of knowledge of the law is not in any way rare, and is probably the rule rather than exception among prisoners, it is not extraordinary or unusual, justifying equitable tolling. Finally, Variance has not demonstrated that he was in any unconstitutional way prevented from timely filing this federal petition for writ of habeas corpus.

In conclusion, Variance has presented no valid justification supported by the record for his failure to timely file his federal habeas corpus petition attacking the instant conviction and sentence. The time-bar is ultimately the result of Variance's failure to timely institute state postconviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted on July 18, 2007, is untimely, Variance's claims challenging the lawfulness of his conviction and sentence are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits.

It is therefore recommended that this petition for habeas corpus relief be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 12th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Richard Variance a/k/a
Richard Jones, <u>Pro</u> <u>Se</u>
DC# 666940
Century Correctional Institution
400 Tedder Road
Century, FL 32535-3655

Thomas A. Palmer, AAG
Office of the Attorney General
1515 North Flagler Drive, #900
West Palm Beach, FL 33401-3428