UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61089-CIV-COHN

RICHARD VARIANCE a/k/a
RICHARD JONES,

Magistrate Judge White

    Petitioner,

vs.

WALTER A. McNEIL,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION; OVERRULING OBJECTIONS AND DISMISSING PETITION

THIS CAUSE is before the Court upon the filing of Mr. Richard Variance a/k/a Richard Jones' ("Petitioner" or "Variance") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 [DEs 1, 8] ("Petition"); United States Magistrate Judge White's Report and Recommendation [DE 15] ("Report"); and Petitioner's Objections [DE 16] ("Objections"). The Court has reviewed *de novo* the file herein, and is otherwise fully advised in the premises.

### I. BACKGROUND

The Petition states eleven grounds of ineffective assistance of trial counsel based upon Variance's conviction in state court of attempted second degree murder. Upon review of the Petition, Magistrate Judge White ordered the Petitioner to respond to the limitations period for filing his federal habeas corpus petition [DE 5]. See Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996); 28 U.S.C. §2244(d). By Magistrate Judge White's calculations, the judgment of conviction and sentence became final, at the latest, on August 30, 2004. Variance then pursued postconviction relief in the trial court and Florida Fourth District Court of

1

Appeal. Calculating the tolling credit appropriate for the time when post conviction proceedings remained pending, Judge White explained that Variance had until December 7, 2006, to file the present petition. However, the Petition was not filed until July 18, 2007 and was therefore untimely.

In his Response to the Order to Respond to Limitations Period [DE 6], Petitioner argued that his belated direct appeal from his judgement and sentence, as well as his status as a pro se litigant should warrant statutory and/or equitable tolling. However, as the Report points out, Petitioner was permitted by the state courts to pursue a belated direct appeal; therefore, the delay in filing the Appeal did not alter the calculation of the limitations period. Also, Petitioner's status as an unskilled layperson did not excuse the delay. Magistrate Judge White explained that Petitioner had not demonstrated that he was in any unconstitutional way prevented from timely filing this petition. Therefore, Magistrate Judge White recommended that the Petition be dismissed as time barred pursuant to 28 U.S.C. §2244(d)(1)-(2).

## II. ANALYSIS

### A. State Impediment to Filing

Based upon the language in the Objections, Variance appears to argue that the limitations period for filing his Petition should be recalculated pursuant to 28 U.S.C §2244(d)(1)(B). In 28 U.S.C. §2244(d)(1)(B) the one year limitations period applies from the latest of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevent from filing by such State action." 28 U.S.C. §2244(d)(1)(B). Therefore, there must be (i) State action, (ii) the State action must violate the Constitution or laws of the United States, and (iii) the State action must have prevented

Variance from filing his §2254 petition.

The purported State action is apparently that "the State is using a hidden ability to correct for violation of the act by reconstructing the record, and smoothing out the likelihood that reversible error occurred." Objection, DE 16, p. 2.  The Objections highlight the fact that Petitioner allegedly informed the Florida Fourth District Court of Appeals that there was testimony of the victim and the "DNA Lady" which Petitioner believes were not included in the transcript. Objections, DE 16, p. 2.  However, there is no discussion about how the purported State action might have prevented Variance from filing a timely federal habeas corpus petition.  As a result, Petitioner has failed to establish that any alternative date for calculating the limitations period is applicable pursuant to 28 U.S.C. §2244(d)(1)(B).

### B. Equitable Tolling

Alternatively, the Petitioner may be arguing that equitable tolling is necessary because he lacked the trial transcript and/or the trial transcript contained omissions. The Petitioner bears the burden of establishing that equitable tolling is warranted and to do so he must demonstrate: "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Johnson v. Florida Dept. of Corrections, 513 F.3d 1328, 1333 (11th Cir. 2008) (quoting Lawrence v. Florida, — U.S —, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)).

The Petitioner's argument centers on his belief that the omissions in the trial transcript necessitated a new trial.  For example, Petitioner cites to Jones v. State, 780 So.2d 218, 218-219 (Fla. 2nd DCA 2001) where the Florida Second District Court of Appeals held that the Defendant was prejudiced by an incomplete transcript and remanded for a new trial.  However, this argument does not address the applicable

limitations period for filing a federal habeas corpus petition and Variance provides no information about why the alleged failure to obtain the trial transcript or any purported omissions in the transcript prevented him from timely filing his Petition. Therefore, Petitioner has not carried his burden of establishing that equitable tolling is warranted.[1]

### III. CONCLUSION

Accordingly, upon a *de novo* review, the Court concludes that Variance's Petition filed pursuant to 28 U.S.C. §2254 should be dismissed as time barred. Therefore, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 15] is **ADOPTED**.
2. Petitioner's Objections [DE 16] are **OVERRULED**;
3. The Petition [DE 1,8] is **DISMISSED**;
4. The Clerk shall close this case and deny all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10TH day of April, 2008.

JAMES I. COHN
United States District Judge

copies to:
All counsel of record

Richard Variance, pro se
DC # 666940
Century Correctional Institution
400 Tedder Road
Century, Florida 32535

---

[1] The Objections also argue that the State failed to address two arguments in the Petitioner's 3.850 Motion. It is unclear how this argument relates to the timeliness of the Petition.

4